[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12749

_____

D.C. Docket No. 3:15-cv-01041-MMH-PDB


ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff - Appellee,

versus

SOUTHERN-OWNERS INSURANCE COMPANY,
a Michigan corporation,

Defendant - Appellant,


CHARLES MCMILLAN,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2019)

Before MARCUS and HULL, Circuit Judges, and WRIGHT,[*] District Judge.

PER CURIAM:

At issue today is a dispute between two commercial insurance companies. In an underlying state court action, Charles McMillan alleged that he fell on an accumulation of construction debris at a Dr. Pepper bottling plant and brought negligence claims against Dr. Pepper/Seven Up, Inc. (a commercial tenant), RT West Point Jax LLC (the owner of the premises), Catamount Constructors, Inc. (a general contractor), and Duval Concrete Contracting, Inc. (Catamount's subcontractor).  McMillan's complaint alleged negligence against both Duval and Catamount for the accumulation of construction debris.  Zurich American Insurance Co. ("Zurich") defended and indemnified its insured, Catamount, but it says Southern-Owners Insurance Co. ("Southern-Owners") was obligated to defend and indemnify Catamount under its policy with Catamount's subcontractor, Duval.  Duval's policy with Southern-Owners made Catamount an additional insured "with respect to liability arising out of '[Duval's] work' by or for [Catamount]."  But Southern-Owners refused to defend or indemnify Catamount and Zurich now seeks equitable subrogation to recover the costs of defending Catamount and paying a settlement with McMillan.

---

[*] Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, sitting by designation.

The district court entered summary judgment in favor of Zurich, concluding that Southern-Owners had a duty both to defend and indemnify Catamount and was thus liable to Zurich for both defense costs and the full amount of the settlement with McMillan.  Two issues have been raised on appeal.  The first is whether Southern-Owners' duty to defend Catamount was triggered by the allegations set forth in the McMillan complaint.  That is, reading the four corners of the complaint, did it appear that Catamount's liability potentially "arose out of" Duval's work, making Catamount an additional insured on the policy?  Assuming Southern-Owners had a duty to defend Catamount, the second question is whether Southern-Owners also was obligated to indemnify Catamount and to pay the cost of Catamount's settlement with McMillan.

After thoroughly reviewing the record, and having taken oral argument, we can discern no error in the determinations made by the district court.  We, therefore, affirm the district court's summary judgment order entered on May 21, 2018, for the reasons set forth in the district court's opinion.

**AFFIRMED.**